Filed 08/05/26

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 26-CV-02406

| Ian Campbell v. Freedom Nissan Inc et al |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion for Preliminary Injunction; Motion to Dismiss; Motion for Leave to File a Sur-Reply (Motion: 1; 4; 6)
Filer:        Ian Campbell; Thomas C. Nuovo; Ian Campbell
Filed Date:  April 21, 2026; June 17, 2026; July 10, 2026

Plaintiff Ian Campbell brought this case about a car he leased. He has sued the dealer, Freedom Nissan Inc. ("Freedom"), and the companies who inherited and serviced the lease, Nissan-Infiniti LT, LLC ("NILT") and Nissan Motor Acceptance Co. LLC ("NMAC"). His second amended complaint[1] contains counts against all defendants for "cancellation and restitution; lessor's default" under 9A V.S.A. § 2A-508 (Count II), violation of the Vermont Consumer Protection Act ("VCPA"), 9 V.S.A. §§ 2453 and 2461 (Count III) and injunctive relief (Count V).[2]

Campbell has also filed motions for (a) preliminary injunction (Mot. 1) that Freedom opposes and (b) leave to file a sur-reply (Mot. 6) in connection with Freedom's motion to dismiss (Mot. 4) that no party has opposed.

Freedom has moved to dismiss all the counts against it.[3] Freedom has counsel. Campbell represents himself. NILT and NMAC have counsel but have not filed papers regarding the pending motions.

For the reasons that follow, the court: grants Campbell's Mot. 6, denies Campbell's Mot. 1 as to Freedom and grants in part and denies in part Freedom's Mot. 4. The court also directs NILT and NMAC to file responses to Campbell's Mot. 1 by Aug. 19.

### I.      Background

This section describes the background under the standards applicable and with a focus on the matters most relevant to the pending motions.

---

[1] Campbell's proposed Third Amended Complaint remains pending.

[2] Campbell brings count 4 for equitable accounting against the non-Freedom defendants who do not participate in the litigation impacted by today's decision.

[3] Freedom mentions but does not address Campbell's count 1 for declaratory judgment. The court does likewise.

Campbell test drove a car from Freedom for about nine miles on Dec. 2, 2025. Later that day, the parties signed a lease. The dealer's report of sale reflected an odometer reading of four miles instead of its actual thirteen. Freedom checked none of the three certification boxes on the form regarding the odometer disclosure. Campbell discovered the odometer discrepancy only after driving home. He could not have discovered it sooner. Am. Compl. ¶¶ 13-18, 83-84, Ex. G.

The following day, Campbell notified Freedom in writing about the odometer discrepancy and other reservations he had about the car. He requested Freedom write him regarding "the process for unwinding the lease and returning the vehicle." *Id.* Ex. G.

NILT owns Campbell's lease as assignee and NMAC services it. *Id.* ¶¶ 7-8. Campbell's credit report now reflects various notations regarding his NMAC/NILT account including charge-off, write-off, repossession and balance owing. *Id.* ¶ 56-58.

## II.    Discussion

### A. Freedom's Motion to Dismiss (Mot. 4)

Under V.R.C.P. 12(b)(6), the court "must assume that the facts pleaded in the complaint are true and make all reasonable inferences in the plaintiff's favor." *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 10, 209 Vt. 514. The court considers whether "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Davis v. Am. Legion, Dep't of Vt.*, 2014 VT 134, ¶ 12, 198 Vt. 204 (quotation omitted). "The purpose of a motion to dismiss is to test the law of the claim, not the facts which support it." *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002).

"The court's attention . . . is to be directed toward determining whether the bare allegations of the complaint constitute a statement of a claim under V.R.C.P. 8(a)." *Levinsky v. Diamond*, 140 Vt. 595, 600 (1982). "When deciding a motion to dismiss, the court may consider documents attached to the complaint or incorporated in the complaint by reference." *Walsh v. Chittenden Corp.*, 798 F. Supp. 1043, 1048 n.3 (D. Vt. 1992).

Rule 8 requires a "short and plain statement of the claim" in "simple, concise, and direct" language with "all pleadings [to] be construed as to do substantial justice." V.R.C.P. 8(a), (e), (f). "[T]he threshold a plaintiff must cross in order to meet our notice-pleading standard is 'exceedingly low.'" *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575 (citation omitted). Consequently, "[m]otions to dismiss for failure to state a claim are disfavored and should be rarely granted." *Id.* (citation omitted).

#### 1.   Count 2 – "Cancellation and Restitution; Lessor's Default"

Campbell premises this count under 9A V.S.A. §§ 2A-508 and 2A-517 on the inaccurate odometer disclosure and Freedom's failure to check any of the three accompanying certification

boxes.  He cites 49 U.S.C. § 32705 and 49 C.F.R. §580.5 (the Odometer Act) as support.  Am. Compl. ¶ 82.[4]

Freedom seeks dismissal of this count because it asserts the Odometer Act provides a private cause of action only for claims involving an intent to defraud, which Campbell has not alleged.  Mot. 4 at 5.  In its reply, Freedom adds, without citation, that the "nine-mile odometer discrepancy on a new vehicle does not, as a matter of law, substantially impair the value of the lease to the lessee, particularly where Plaintiff himself added those miles to the vehicle and was personally aware of the mileage he accumulated during the test drive and drive home."  Rep. at 4.

Freedom's focus on the Odometer Act overlooks that Campbell brought count 2 under 9A V.S.A. §§ 2A-508 and 2A-517.  The latter allows a lessee to revoke acceptance of goods under certain fact-dependent circumstances including, whether "nonconformity substantially impairs [the good's] value," if "lessee's acceptance was reasonably induced . . . by the difficulty of discovery before acceptance," if "[r]evocation of acceptance . . . occur[ed] within a reasonable time after the lessee discovers or should have discovered the ground for it."  *Id*. § 2A-517(1), (1)(b), (4).  See also *id.* §§ 2A-515 (regarding acceptance of goods); 2A-512 (regarding lessee's duties as to rightfully rejected goods); 2A-517 Definitional Cross References (citing relevant definitions).

Campbell has made all of these allegations.  "The purpose of a motion to dismiss is to test the law of the claim, not the facts which support it."  *Powers*, 173 Vt. at 395.  Freedom has not shown that count 2 merits dismissal.  The court does not reach the merits or pleading sufficiency of Campbell's allegations under the Odometer Act because he has brought no claim under it.

### 2. Count 3 –VCPA

The [VCPA] prohibits deceptive acts and practices in commerce, which a complainant must establish with proof of three elements: (1) the representation or omission at issue was likely to mislead consumers; (2) the consumer's interpretation of the representation was reasonable under the circumstances; and (3) the misleading representation was material in that it affected the consumer's purchasing decision.  Under the Act's objective standard, a consumer establishes the first element if she proves that the representation or omission had the tendency or capacity to deceive a reasonable consumer.  Messages susceptible to multiple reasonable interpretations may violate the Act if just one of those interpretations is false.

*Jordan v. Nissan N. Am., Inc.*, 2004 VT 27, ¶ 5, 176 Vt. 465, 468 (citations omitted).  See also *EBWS, LLC v. Britly Corp.*, 2007 VT 37, ¶ 26, 181 Vt. 513, 523 (noting consumer fraud plaintiff "must demonstrate: (1) that [defendant] made a representation or omission that was likely to mislead; (2) that [plaintiff] interpreted the message reasonably under the circumstances; and (3) that the misleading effects were material.").

---

[4] Campbell has withdrawn his 23 V.S.A. § 2093 claim so the court does not address it.  Opp. to Mot. 4 at 2.

3

The VCPA allows recovery by a "consumer" -- "any person who purchases, leases, contracts for, or otherwise agrees to pay consideration for goods or services not for resale in the ordinary course of the person's trade or business but for the person's use or benefit or the use or benefit of a member of the person's household[.]"  9 V.S.A.  § 2451a(1).

Any allegedly unfair or deceptive act or practice "must take place in the context of [an] ongoing business in which the defendant holds [itself] out to the public." *Foti Fuels, Inc. v. Kurrle Corp.*, 2013 VT 111, ¶ 21, 195 Vt. 524 (internal quotation marks and citation omitted).

Applying these standards, the court must dismiss Campbell's VCPA claim.  Campbell acknowledges that he did not discover and could not have discovered the odometer disclosure discrepancy any sooner than he did – after he signed the lease and drove home.  With that chronology, he cannot coherently allege "the misleading representation was material in that it affected [his] purchasing decision." *Jordan*, 2004 VT 27, ¶ 5.  Campbell had already made his purchasing decision by the time he discovered the odometer discrepancy.  The rest of the allegations on which he bases his VCPA claim also occurred after he signed the lease.  Am. Compl. ¶ 92(c)-(l).

### 3.  Count V and Campbell's Mot. 1 – Injunctive Relief

"'A preliminary injunction is an extraordinary remedy never awarded as of right.'" *Taylor v. Town of Cabot*, 2017 VT 92, ¶ 19, 205 Vt. 586 (quoting *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008)).  "Because of the often drastic effects of the temporary injunction, the power to issue it must be used sparingly, and only upon a showing of irreparable damage during the pendency of the action . . . ." *State v. Glens Falls Ins. Co*., 134 Vt. 443, 450 (1976).  The plaintiff must establish the threat of irreparable harm and the court also has to consider "the potential harm to the other parties; . . . the likelihood of success on the merits; and . . . the public interest," *Taylor*, 2017 VT 92, ¶ 19, "balanc[ing] the competing claims of injury and . . . consider[ing] the effect on each party of the granting or withholding of the requested relief." *Id*. (quoting *Winter*, 555 U.S. at 7).

"Although each factor is important, '[t]he showing of irreparable harm is perhaps the single most important prerequisite for the issuance of a preliminary injunction, and the moving party must show that injury is likely before the other requirements for an injunction will be considered.'" *D'Ambrosio v. Scott*, 784 F. Supp. 3d 699, 702 (D. Vt. 2025) (citation omitted). See also *Protect Our Wildlife v. Fish and Wildlife Bd.*, No. 24-CV-00189, 2024 WL 1492588, at *2 (Vt. Super. Ct. Feb. 22, 2024) (Tomasi, J.) ("Ordinarily, the 'movant bears the burden of establishing that the relevant factors call for imposition of a preliminary injunction'" but "'[t]he burden on the likelihood-of-success factor . . . tracks the burden at trial.'") (citations omitted).

Campbell moves for a preliminary injunction against all three defendants for "no deficiency without accounting," "no further adverse furnishing escalation" and "record preservation." Mot. 1 at 4.  Campbell acknowledges that NILT and NMAC own and service the lease.  They have not responded to Campbell's motion.  He attributes none of the credit report notations to Freedom.

4

Campbell has not sufficiently shown that a threat of irreparable harm from anything Freedom has done or may do. Freedom has an independent obligation to preserve evidence. *See* *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."). Campbell needs no court order for this request.

The court grants Freedom's motion to dismiss Campbell's count 5 against Freedom for injunctive relief and denies Campbell's Mot. 1 as to Freedom.

### III. Order

The court:
1. Grants Campbell's Mot. 6 for leave to file sur-reply;
2. Denies Campbell's Mot. 1 as to Freedom; and
3. Grants Freedom's Mot. 4 as to counts 3 and 5 and denies Freedom's Mot. 4 as to count 2. Count 1 remains against Freedom.

By Aug. 19, defendants Nissan Motor Acceptance Co. LLC and Nissan-Infiniti LT, LLC shall respond to Campbell's motion for preliminary injunction (Mot. 1).

Electronically signed pursuant to V.R.E.F. 9(d) on August 5, 2026.

Colin Owyang
Superior Court Judge

5